IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:21-cr-00419-BHH |
| | ) |
| v. | ) |
| | ) |
| JONATHAN REECE SCARBOROUGH | ) |
| | ) |

### PRELIMINARY ORDER OF FORFEITURE AS TO JONATHAN REECE SCARBOROUGH

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Jonathan Reece Scarborough ("Scarborough", "Defendant"), based upon the following:

1. On July 14, 2021, an Indictment was filed charging Scarborough with:

    Count 1:  Production of child pornography, in violation of 18 U.S.C. § 2251(a),

    Count 2:  Receipt of child pornography, in violation of 18 U.S.C. § 2252A, and;

    Count 3:  Possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Scarborough's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

A. <u>Forfeiture Judgment[1]</u>:

A sum of money equal to all proceeds the Defendant obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to his violation of Title 18.

B. <u>Electronic Equipment</u>:

(1) Seagate Hard Drive, S/N: NAO5ZE6C
    Asset ID: 21-FBI-006587

(2) Seagate Hard Drive, S/N: NAOCZH1S
    Asset ID: 21-FBI-006587

(3) SD Card S/N: SD08G0400B0MC2GB
    Asset ID: 21-FBI-006587

(4) Samsung SM-N9750 Cell Phone, IMEI # 359619100148042
    Asset ID: 21-FBI-006587

3.   On July 7, 2022, Scarborough pled guilty to the production of child pornography charge, and pursuant to a written plea agreement, agreed to forfeiture.

4.   Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 2253 and 28 U.S.C. § 2461(c).

5.   The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Scarborough has been convicted; therefore, the United States is entitled to a preliminary

---

[1] The government is pursuing a forfeiture judgment against the Defendant. The total amount of a forfeiture judgment has not been calculated at this time. Pursuant to Rule 32.2(b)(2)(C) and (e)(1), this order will be amended when the specific amount of the money judgment has been determined by the court.

order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all rights, title, and interest of Defendant, Jonathan Reece Scarborough, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

<u>Electronic Equipment</u>:

(1) Seagate Hard Drive, S/N: NAO5ZE6C
    Asset ID: 21-FBI-006587

(2) Seagate Hard Drive, S/N: NAOCZH1S
    Asset ID: 21-FBI-006587

(3) SD Card S/N: SD08G0400B0MC2GB
    Asset ID: 21-FBI-006587

(4) Samsung SM-N9750 Cell Phone, IMEI # 359619100148042
    Asset ID: 21-FBI-006587

2. FORFEITURE IS ORDERED against Jonathan Reece Scarborough and in favor of the United States for an undetermined amount, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Upon entry of this Order, the United States or its designee is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                          s/ Bruce Howe Hendricks
                                        BRUCE HOWE HENDRICKS
                                        UNITED STATES DISTRICT JUDGE

January 23, 2023
Charleston, South Carolina